IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 20, 2019

## MILBURN LEVON EDWARDS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 90-S-1098      Angelita Blackshear Dalton, Judge**

_____

### No. M2018-01300-CCA-R3-HC

_____

In this, his sixth petition for habeas corpus relief, the Petitioner, Milburn Levon Edwards, contends that his burglary, rape and assault convictions are illegal because his sentences were ordered to be served at forty percent instead of thirty-five percent. The trial court summarily dismissed his petition. On appeal, the Petitioner contends that the trial court erred when it denied his habeas corpus petition and then it erred when it denied his subsequently filed motion to correct clerical errors pursuant to Tennessee Rule of Criminal Procedure 36.1 because his judgments were not file-stamped. On appeal, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and J. ROSS DYER JJ., joined.

Milburn Levon Edwards, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; Katrin Novak Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from the Petitioner's 1992 convictions for twenty-one counts of rape, involving five separate victims, two counts of first-degree burglary, two counts of aggravated burglary, one count of second-degree burglary, one count of aggravated rape, and one count of assault with intent to commit rape and robbery. The trial court sentenced the Petitioner to 415 years, 115 years of which was to be served at 40% and 300 years of which was to be served at 60%. *State v. Edwards*, 868 S.W.2d 682 (Tenn.

Crim. App. 1993).

In our memorandum opinion affirming the Petitioner's most recent summary dismissal of his fifth petition for habeas corpus relief, we stated:

On appeal [of the Petitioner's original convictions], this Court affirmed the [Petitioner's] convictions but modified his sentence to an effective sentence of life plus 195 years. *Id.* Subsequently, the [Petitioner] unsuccessfully pursued post-conviction relief, and he also filed at least four prior petitions seeking writs of habeas corpus, all of which were dismissed. *See Milburn L. Edwards v. State*, No. M2010-02001-CCA-R3-HC, 2011 WL 3480994 (Tenn. Crim. App., at Nashville, Aug. 5, 2011) (affirming summary dismissal of fourth habeas corpus petition), *perm. app. denied* (Tenn. Dec. 14, 2011); *Milburn L. Edwards v. Cherry Lindamood, Warden*, No. M2009-01132-CCA-MR3-HC, 2010 WL 2134156 (Tenn. Crim. App., at Nashville, May 27, 2010) (affirming summary dismissal of third habeas corpus petition), *no Tenn. R. App. P. 11 application filed*; *Milburn L. Edwards v. Cherry Lindamood, Warden*, No. M2006-01092-CCA-R3-HC, 2007 WL 152233 (Tenn. Crim. App., at Nashville, Jan. 17, 2007), (affirming summary dismissal of second habeas corpus petition*), perm. app. denied* (Tenn. Apr. 16, 2007); *Milburn L. Edwards v. State*, No. M2004-01378-CCA-R3-HC, 2005 WL 544714 (Tenn. Crim. App., at Nashville, Mar. 7, 2005) (affirming summary dismissal of first habeas corpus petition), *perm. app. denied* (Tenn. Aug. 29, 2005); *Milburn L. Edwards v. State*, No. M2002-02124-CCA-R3-PC, 2003 WL 23014683 (Tenn. Crim. App., at Nashville, Dec. 15, 2003) (affirming denial of post-conviction relief), *no Tenn. R. App. P. 11 application filed.*

*Milburn L. Edwards v. State*, No. M2012-01492-CCA-R3-PC, 2013 WL 1182993 (Tenn. Crim. App., at Nashville, Mar. 21, 2103), *no Tenn. R. App. P. 11 application filed.*

This court went on to state that the Petitioner again argued in his fifth habeas corpus petition that he was improperly sentenced pursuant to the 1982 Sentencing Act as opposed to the 1989 Sentencing Act. *Id.* at *1. This Court concluded that this issue had been previously determined on direct appeal and also was raised unsuccessfully by the Petitioner on at least two previous occasions. *Id.* (citing *Milburn L. Edwards*, No. M2001-02001-CCA-R3-HC, 2011 WL 3480994, at *3-4 (observing that the sentencing issue was resolved on direct appeal and thus could not be re-litigated in a habeas corpus petition and that the law of the case doctrine precluded review of the same issue in subsequent habeas corpus petitions).

In 2018, the Petitioner filed a sixth "application for writ of habeas corpus and/or motion for corrected judgments and/or motion for equitable relief to receive jail credits." In it, he contended that his judgment forms did not bear a "file-stamp date" and therefore his sentences were illegal due to the trial court's failure to properly enter the judgments. He further averred that this affected the finality of his judgments and his sentencing credits because the Tennessee Department of Correction did not have the authority to imprison him. The Petitioner also filed a motion to correct clerical errors in his judgments and a motion to correct illegal sentences.

In its order summarily denying the Petitioner's petition, the habeas corpus court found that there were no valid grounds presented in the habeas corpus petition. It further found that the Petitioner's petition with respect to his motion for a corrected judgment was not well taken because the issues he raised were already addressed in *State v. Edwards*, 868 S.W. 2d 682 (1993). It concluded that the issue was, therefore, moot. To the extent that the Petitioner had argued that his judgments contained clerical errors, the court found that the judgments were properly entered pursuant to Rule 32(e) of the Tennessee Rules of Criminal Procedure. Finally, about the Petitioner's contention that his sentences were illegal, the trial court found that the sentences and jail credits were properly imposed pursuant to Tennessee Code Annotated section 40-20-111(a), and that the sentence was not illegal.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the trial court erred when it denied his motion to correct clerical errors on his judgments and that the trial court had jurisdiction to correct the clerical errors. The State responds that the Petitioner has not raised a cognizable claim for relief. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2014). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the petitioner's burden to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the petitioner's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Archer*, 851 S.W.2d at 165.

As stated previously, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. One of those requirements is that copies of previous habeas petitions must be attached. *See* T.C.A. § 29-21-105 (2014). In this case, they were not. Notwithstanding the procedural defects in the petition, the Petitioner would still not be entitled to relief. Habeas corpus relief is designed to contest void judgments. Nothing on the face of the judgment would entitle him to relief. The lack of a file stamped date on a judgment form "[a]t most . . . amounts to a clerical error" and does not render the convictions void on their face. *See State v. Curtis Lashun Wren*, No. W2017-01978-CCA-R3-CD, 2018 WL 3480424, at *3 (Tenn. Crim. App., at Jackson, July 19, 2018) (citing *State v. Gary Carr*, No. W2016-01525-CCA-R3-CD, 2017 WL 2493687, at *2 (Tenn. Crim. App. June 9, 2017) (listing requirements of the judgment form), *no Tenn. R. App. P. 11 application filed* and Tenn. R. Crim. P. 32(e)), *no Tenn. R. App. P. 11 application filed*. The Petitioner has failed to establish that he is entitled to relief. The judgment of the trial court dismissing the petition is affirmed.

The Petitioner next contends that the trial court erred when it denied his motion to correct an illegal sentence based on a clerical error on the judgment. The Petitioner's argument on appeal is, essentially, that his sentences are illegal because his judgment forms were not stamped as filed. *See* Tenn. R. Crim. P. 32(e). The State argues that even if the clerk did not follow Tennessee Rule of Criminal Procedure Rule 32(e), failure to do so does not require the setting aside of a judgment. *See Gary Carr*, 2017 WL 2493687, at *2 (concluding that when the judgment form "contains the relevant information

4

concerning the conviction[,] offense, and sentence," then the failure to file-stamp the judgment "does not require a judgment to be set aside."). The purpose of a file-stamped date is "significant for the sole purpose of determining the timeliness of certain filings." *Id.*; *see also Lorenza Zackery v. State*, No. M2018-00944-CCA-R3-HC, 2019 WL 211923, at *1 (Tenn. Crim. App., at Nashville, Jan. 16, 2019), *no Tenn. R. App. 11 application filed.* Here, as in *Carr*, the judgment forms contain the required relevant information. The judgment forms include the date of entry as December 13, 1991, describe the nature of the offense, and impose a sentence. The Petitioner is not entitled to relief.

### III.  Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE